RECEIVED
IN ALEXANDRIA, LA.

AUG 0 3 2011

TONY R. MOORE, CLERK
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### ALEXANDRIA DIVISION

BOBBY D. HIGGINBOTHAM                 CIVIL ACTION NO. 1:11-cv-0835
     LA. DOC #569228
VS.                                  SECTION P

                                         JUDGE DEE D. DRELL

THE STATE OF LOUISIANA, ET AL.    MAGISTRATE JUDGE JAMES D. KIRK

### REPORT AND RECOMMENDATION

Before the Court are various petitions, complaints, and motions filed by *pro se* plaintiff Bobby D. Higginbotham on May 6, 2011 and various dates thereafter. Higginbotham is an inmate in the custody of Louisiana's Department of Public Safety and Corrections; when he commenced this litigation he was incarcerated at the LaSalle Corrections Center, however, shortly after he filed the pleading he was transferred to the Hunt Corrections Center, St. Gabriel, Louisiana and thereafter to his present place of confinement, the David Wade Corrections Center, Homer, Louisiana.

These matters have been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that all of the various petitions, complaints, and motions be **DENIED** and **DISMISSED** for failing to state a claim for which relief may be granted.

## Background

### 1. Doc. 1 – TRO

On May 6, 2011 Higginbotham filed a hand-written *pro se* pleading entitled, "Motion for a Temporary Restraining Order and a Preliminary Injunction for Unconstitutional Detention and Deprivation of Liberty" in the United States District Court for the Middle District of Louisiana. The pleading identified the following defendants: (1) the State of Louisiana, (2) James LeBlanc, the Secretary of Louisiana's Department of Public Safety and Corrections, (3) the Sheriff of LaSalle Parish, (4) the LaSalle Corrections Center, and, (5) its Warden, Jeff Windham.

Higginbotham alleged that he was convicted of malfeasance in office and felony theft on May 19, 2010 in Louisiana's Sixth Judicial District Court, Tensas Parish. He also alleged that notwithstanding the fact that portions of his trial were not recorded and therefore could not be transcribed his motion for a new trial was denied by the trial court on December 3, 2010.

Higginbotham claimed that his continued custody was therefore unlawful. He also complained that he was exposed to second-hand tobacco smoke at the LaSalle Corrections Center and that his health was endangered. Finally, he complained that Warden Windham confiscated his copies of the Louisiana Code of Criminal Procedure and Black's Legal Dictionary and "returned in the mail other legal papers." Higginbotham prayed for his immediate release from

2

custody, an injunction prohibiting smoking at LaSalle Corrections Center, the return of his law books, and an order prohibiting LaSalle from transferring plaintiff to another institution or placing him in administrative segregation as a result of his complaints.

On May 16, 2011 Higginbotham filed various exhibits in support of his illegal detention claim. [Doc. 2]

On May 26, 2011 United States Magistrate Judge Christine Noland of the United States District Court for the Middle District of Louisiana transferred the complaint/petition to this Court pursuant to 28 U.S.C. §§ 1391(b)(1) and (2), 28 U.S.C. §§1404(a) and 1406(a) and 28 U.S.C. §2241(d). [Doc. 3]

## 2. Various Motions - Docs. 6-9, 11-17

Thereafter, Higginbotham filed various motions and exhibits:

(A) On June 8, 2011 Higginbotham filed a Motion to Amend in order to add a copy of the transcript of the *voir dire* portion of the March 29, 2010 trial transcript. (Another copy of this transcript was forwarded to the Clerk by the Clerk for the Middle District. [Doc. 19])

Higginbotham also alleged that he was tried without legal counsel and that the prosecutor, in violation of *Batson v. Kentucky*, used his challenges to strike only African-American jurors. [Doc. 6]

(B) On June 6, 2011 and June 8, 2011 he filed Motions for

3

Immediate Relief requesting the return of unspecified "legal papers" in the matter entitled *Samuel Johnson, III, et al. vs. Miles Jenkins, et al.*, Civil Action No. 3:09-cv-1257; Higginbotham claimed that these papers were seized and placed in storage by Warden Windham and his staff. [Docs. 7 and 12]

(C) On June 6, 2011 and again on June 8, 2011 he filed a "Motion to Transfer Case Into One Court." He noted therein that he is a defendant in the civil rights complaint <u>Samuel Johnson, III, et al. vs. Miles Jenkins, et al.</u>, Civil Action No. 3:09-cv-1257, which is pending in the Monroe Division of this Court. He asked that the instant suit be "transferred to the same court because they will have some bearing upon each other." [Docs. 8 and 11]

(D) On June 8, 2011 he filed a "Motion to Add Defendant" in which he alleged that on June 6, 2011 he was transferred to the Hunt Corrections Center, St. Gabriel, Louisiana; he requested that Hunt be added as a defendant because it "... has continued to carry on some of the same actions as LaSalle Correctional Center..." [Doc. 9]

(E) On June 13, 2011 he filed a "Motion to Appoint Special Process Server" and named Miles D. Jenkins of Harvey, Louisiana as his choice. [Doc. 13]

(F) On June 8, 2011 he requested "civil cover sheet forms" from the Clerk of Court. [Doc. 14] On the same date he asked that subpoenas issue to Mary Alice Fountain, the Sixth Judicial District

4

Court's court reporter, and Lamont Aston and Gerald Dyer, "law librarians" at LaSalle Corrections Center. [Doc. 15]

(G) On June 14, 2011 he identified additional individuals to be subpoenaed, and requested production of various court records and items apparently introduced as evidence in prior proceedings along with various documents and items related to the instant litigation. [Doc. 16]

(H) On June 20, 2011 he submitted a letter to the Clerk advising that the action filed in the Middle District under that court's Docket Number 11-0306 and the instant suit are "the same case." [Doc. 17]

### 3. Amended Complaint/Petition

On June 9, 2011 the undersigned directed Higginbotham to amend his complaint and to use the forms required by Local Rule 3.2. [Doc. 10] On June 20, 2011 Higginbotham submitted his claims using the form provided to prisoners seeking relief pursuant to 42 U.S.C. §1983. In this new complaint he sued the State of Louisiana, James Paxton (the District Attorney of the Sixth Judicial District), Jeff Windham (the Warden of LaSalle Corrections Center), Howard Prince (the Warden of Hunt Corrections Center), and James LeBlanc (the Secretary of the Department of Public Safety and Corrections). Higginbotham complained of various defects in the trial that led to his conviction and sentence. Higginbotham concluded his pleading with a demand that his conviction and sentence be vacated and that

5

he be released from custody. [Doc. 18]

On June 23, 2011 Higginbotham paid the full filing fee of $350.00.

### 4. Various Motions - Docs. 20-22 and 24-25

(A) On June 28, 2011 Higginbotham filed a motion to delete his previous motion to appoint a special process server. [Doc. 20]

(B) On the same date he filed a "Motion to Serve Bobby Jindal for the State of Louisiana." [Doc. 21]

(C) On June 29, 2011 he filed a Motion to Delete and Add Defendants. In this motion he alleged that he was transferred to the David Wade Corrections Center, Homer on June 27, 2011. He then dismissed his claims against Hunt Corrections Center, its warden, Howard Prince, and James Paxton, the District Attorney; he added David Wade Corrections Center and its Warden Jerry Goodwin as defendants. [Doc. 22]

(D) On July 19, 2011 he filed a "Motion for Emergency Release" claiming that despite repeated extensions of time, the Court Reporter has failed to produce the trial transcript and this has deprived him of appellate review of his conviction. [Doc. 24]

(E) On July 20, 2011 he asked that the United States Marshal be directed to serve all defendants. [Doc. 25]

### Law and Analysis

### 1. Screening

When a prisoner files a complaint in a civil action seeking

6

redress from a governmental entity or officer or employee of a governmental entity, the district court is obliged to review the complaint as soon as is feasible and to dismiss the case if it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C.A. § 1915A. The screening provision of 28 U.S.C. § 1915A "applies regardless of whether the plaintiff has paid a filing fee or is proceeding *in forma pauperis*." Ruiz v. United States, 160 F.3d 273, 274-75 (5th Cir.1998). Mr. Higginbotham paid the full filing fee and is not proceeding *in forma pauperis*.

A claim is frivolous if it has no arguable basis in law or fact. Nietzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir.1998) (quotation omitted). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." Talib v. Gilley, 138 F.3d 211, 213 (5th Cir.1998).

Civil Rights plaintiffs must support their claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. Schultea v. Wood, 47

7

F.3d 1427, 1433 (5th Cir.1995).

Higginbotham's pleadings, including his various motions and exhibits, present the best case which could be presented by him under the circumstances. Based upon the thoroughness of his pleadings, the court is convinced that further amendment of the pleadings would serve no useful purpose. Accepting all of his allegations as true, and, giving plaintiff the benefit of very doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for which relief may be granted and that his complaint should therefore be dismissed with prejudice.

### 2. *Injunctive Relief*

This litigation began with the filing of Higginbotham's May 6, 2011 hand-written *pro se* pleading entitled, "Motion for a Temporary Restraining Order and a Preliminary Injunction for Unconstitutional Detention and Deprivation of Liberty."

Higginbotham argued two general claims for relief. First, he claimed that his continued custody was unlawful because of various defects in the trial and appeal process. Second, he complained that he was exposed to second-hand tobacco smoke at the LaSalle Corrections Center; and that Warden Windham and his corrections officers interfered with his right of access to the courts when they confiscated his copies of the Louisiana Code of Criminal Procedure and Black's Legal Dictionary and then when they "returned

8

in the mail other legal papers."

Higginbotham prayed for his immediate release from custody, an injunction prohibiting smoking at LaSalle Corrections Center, the return of his law books, and an order prohibiting LaSalle from transferring him to another institution or placing him in administrative segregation as a result of his complaints.

One month later, on June 6, 2011, Higginbotham was transferred to Hunt Corrections Center, St. Gabriel, Louisiana; he requested that Hunt be added as a defendant because it "... has continued to carry on some of the same actions as LaSalle Correctional Center..." [Doc. 9]

Three weeks later, on June 27, 2011, he was transferred to his present place of confinement, the David Wade Corrections Center. On June 29, 2011 he dismissed his claims against Hunt Corrections Center, its warden, and District Attorney James Paxton; he added David Wade Corrections Center and its Warden as defendants. [Doc. 22]

In his Amended Complaint filed On June 20, 2011 Higginbotham submitted his claims using the form provided to prisoners seeking relief pursuant to 42 U.S.C. §1983. Higginbotham complained only of various defects in the trial that led to his conviction and sentence and faulted the defendants only for exercising continued custody over him. He apparently abandoned his conditions of confinement and access to courts claims that were asserted in his

9

original request for injunctive relief. In the Amended Complaint Higginbotham prayed only that his conviction and sentence be vacated and that he be released from custody. [Doc. 18]

With regard to the original pleading concerning conditions and circumstances he experienced while incarcerated at LaSalle Corrections Center, it is clear that Higginbotham requested only prospective injunctive relief. However, while that motion was pending, he was transferred, first to the Hunt Corrections Center, and thereafter to the David Wade Corrections Center.

The transfer of a prisoner out of an allegedly offending institution generally render his claims for prospective injunctive relief moot. Weinstein v. Bradford, 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975) (per curiam); Cooper v. Sheriff, Lubbock County, Tex., 929 F.2d 1078, 1081 (5th Cir.1991) (per curiam) (holding that prisoner transferred out of offending institution could not state a claim for injunctive relief).

Since it appears that in his original pleading Higginbotham prayed only for prospective injunctive relief, and, since it also appears that plaintiff is no longer incarcerated at the LaSalle Corrections Center, his claims for prospective injunctive relief are moot and subject to dismissal for failing to state a claim for which relief may be granted.

### 3. Habeas Corpus

In his original Motion, his amended complaint, and in various

10

other motions Higginbotham has complained that his trial and conviction and therefore his current incarceration are in violation of the Constitution of the United States. In both his original motion and his amended complaint he demanded his immediate release from custody. However, such relief is not available by way of a civil rights action. See Carson v. Johnson, 112 F.3d 818, 820 (5th Cir.1997); Cook v. Texas Dept. of Criminal Justice Planning Dept., 37 F.3d 166, 168 (5th Cir.1994) (holding that a § 1983 action is appropriate for recovering damages resulting from illegal administrative procedures, but *habeas* is the appropriate federal remedy for a state prisoner challenging the fact of his confinement). Instead, "[a] *habeas* petition ... is the proper vehicle to seek release from custody." Carson v. Johnson, 112 F.3d at 820.

Since Higginbotham complains that his conviction and sentence are in violation of the Constitution of the United States and, that he has been unlawfully imprisoned, he is raising claims which challenge the validity of his state court criminal proceedings, and such claims must be raised in a petition seeking *habeas corpus* relief. See Calderon v. Ashmus, 523 U.S. 740, 747, 118 S.Ct. 1694, 140 L.Ed.2d 970 (1998) ("[A]ny claim by a prisoner attacking the validity or duration of his confinement must be brought under the *habeas* sections of Title 28 of the United States Code."); Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439

11

(1973) (holding that when an inmate challenges the very fact or duration of his confinement and the relief he seeks is immediate or speedier release, "his sole federal remedy is a writ of *habeas corpus*").

Higginbotham is "... in custody pursuant to the judgment of a State court..." and claims that "... he is in custody in violation of the Constitution... of the United States." His remedy is provided by 28 U.S.C. §2254 and not by 42 U.S.C. §1983. Further, Higginbotham attacks a conviction that occurred in Louisiana's Sixth Judicial District Court, Tensas Parish and therefore, he should file his *habeas corpus* petition on the appropriate form in the Monroe Division of this Court.

He should also be aware that pursuant to 28 U.S.C. §2254(b)(1), he is required to exhaust all available state court remedies by properly presenting the substance of his federal *habeas corpus* claims to the Louisiana Supreme Court in a procedurally correct manner before proceeding in federal court.

In short, to the extent that Higginbotham seeks release from custody, he fails to state a claim for which relief may be granted pursuant to §1983.

### 4. Various Motions

In light of the foregoing recommendation, all pending motions should be denied. Therefore,

12

### *Order and Recommendation*

Higginbotham's Motions [Docs. 6-9; 11-17; 20-22; 24-25] are **DENIED**; and,

**IT IS RECOMMENDED** that plaintiff's civil rights complaints [Doc. 1 and 18] be **DISMISSED WITH PREJUDICE** for failing to state a claim on which relief may be granted, in accordance with the provisions of 28 U.S.C. § 1915A.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

13

In Chambers, Alexandria, Louisiana _August 3, 2011_,
2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

14